UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BIRCHEZ ASSOCIATES, LLC,

                             Plaintiff,

    -v-                                        1:06-CV-1346

JEFFREY D. COHEN and VERTICAL
SOFTWARE GROUP, INC.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

SEGEL, GOLDMAN, MAZZOTTA &          PAUL A. FEIGENBAUM, ESQ.
   SIEGEL P.C.
Attorneys for Plaintiff
9 Washington Square
Albany, NY 12205

PHILLIPS SYTLE LLP                       MARC H. GOLDBERG, ESQ.
Attorneys for Defendants
30 South Pearl Street
Albany, NY 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

       Plaintiff Birchez Associates, LLC, ("plaintiff" or "Birchez") brought this action pursuant to 28 U.S.C. § 1332 asserting breach of fiduciary duty, false representation, conversion, and breach of contract claims against defendants Jeffrey D. Cohen ("Cohen") and Vertical Software Group, Inc. ("Vertical") (collectively "defendants"). Defendants answered denying the material allegations of the complaint and asserted a cross-claim.

Defendants moved for partial summary judgment. Plaintiff opposed except as to the conversion claim[1] and defendants replied. Oral argument was heard on October 9, 2009, in Utica, New York. Decision was reserved.

## II. BACKGROUND

The following facts are viewed in the light most favorable to Birchez, the nonmovant, as must be done on a summary judgment motion.

Birchez is a real estate developer of affordable and market rate housing in the Hudson Valley region of New York State. It is a privately held, New York limited liability company, and Steven Aaron ("Aaron") is its managing member. Birchez had old phone and computer systems that were in need of modernization.

In approximately April 2006, Cohen and Aaron met through a mutual acquaintance. They discussed improvements that could be made to Birchez's information systems, including purchase at substantial discounts of information technology equipment available from Destiny, Cohen's previous employer[2], if Birchez hired Cohen. After a couple of meetings, Cohen agreed to consult for Birchez with regard to updating its business infrastructure, including computer network, IP addressing, point of sale systems, and hardware such as routers and servers.

Cohen presented a "Consulting Agreement" ("agreement") to Aaron which laid out the rate of pay plus travel expenses for Cohen and his son Adam Cohen. This agreement

---

[1] Birchez has withdrawn the conversion cause of action because the items were returned to it.

Although plaintiff stated that it seeks sanctions pursuant to Fed. R. Civ. P. 11 because the motion is frivolous, the request will not be considered since it is not made separately as is required.

[2] Cohen was terminated by Destiny in February 2006. Destiny provided a severance package that included paying Cohen a commission on Destiny's surplus equipment that he sold.

provided that invoices would be presented every two weeks and that all materials created during the engagement would remain Birchez's property.  Further, the agreement was to remain in effect for sixty days, at which time the parties would determine their future relationship.  The agreement had "The Vertical Software Group Inc." in its heading, and Cohen's signature line read "Jeffrey D Cohen, President," which he signed on May 1, 2006.  Also on May 1, 2006, Aaron signed as President of Birchez Associates.  Cohen disclosed for the first time the existence of Vertical to Aaron at the time he presented the agreement.

      Notably, the agreement did not set forth what work was to be done by Cohen.  Rather, Cohen and Aaron determined the work to be performed in verbal discussions.  According to Aaron, Cohen was to evaluate technology needs, design a new computer network and data center, install a new telephone system, and act as Birchez's agent regarding purchase of Destiny equipment.

      Upon execution of the agreement on May 1, 2006, Cohen commenced work for Birchez.  Cohen proceeded to evaluate the status of Birchez's current system and make plans for modernization, as well as build a business plan for a data center.  In addition, he corrected problems that Birchez was having with its systems, such as inadequate bandwidth to provide consistent connectivity to plaintiff's various sites.

      As part of modernizing Birchez's systems, Cohen arranged for services for Birchez, such as internet access, with the appropriate service providers.  He also purchased or arranged the purchase of various equipment for it, such as televisions, routers, and computer equipment.  Cohen negotiated and arranged for the purchase of various information technology equipment from Destiny.

With regard to the equipment Birchez purchased from Destiny, one Kevin Stratton ("Stratton")[3] brokered the deal.  Cohen itemized the equipment to be purchased and negotiated the price with Stratton.  Stratton purchased the equipment from Destiny for $105,000.00 then re-sold it to Birchez for $127,720.00.  Stratton paid Cohen[4] roughly half of the profit he made on the re-sale.  Aaron was not aware of this commission agreement between Stratton and Cohen, but learned about it at a later time.  Additionally, Aaron later learned that part of Cohen's severance agreement with Destiny was to pay Cohen a commission on sales of surplus equipment in which he was involved.

Regarding the work Cohen did for Birchez, from time to time Cohen invoiced Birchez at the rates set forth in the agreement, and also for reimbursement for equipment Cohen had purchased.   The bills for work done pursuant to the agreement had The JAAM Group, Inc. ("JAAM") as a heading, but stated in smaller print at the bottom that all checks should be made payable to Vertical.  On at least a few invoices Vertical was crossed out and it was handwritten to make checks payable to JAAM.  Beginning with the June 9, 2006, invoice, the direction to make checks payable to JAAM was preprinted, and Vertical did not appear on the invoice at all.  The remaining invoices through early August 2006 appeared the same, preprinted to make checks payable to JAAM with no mention of Vertical.  According to Cohen, he requested that Birchez make the checks payable to JAAM so that his wife could

---

[3] While Cohen was still employed by Destiny he arranged for Stratton to broker the sales of Destiny's surplus equipment.

[4] According to Stratton, the check for this payment (which included commission splits on other equipment as well) was made payable to Vertical.  However, Stratton never dealt with Vertical, he only dealt with Cohen.

deal with them when he was out of town. According to Aaron, Birchez paid the invoices to whatever entity Cohen requested, whether it was Vertical or JAAM.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586, 106 S. Ct. at 1356. At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. Liberty Lobby, Inc., 477 U.S. at 248-49, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

## IV. DISCUSSION

Defendants move for partial summary judgment dismissing the tort causes of action (breach of fiduciary duty and false representation/breach of fiduciary duty) as well as all causes of action against Cohen individually.

### A. Tort Causes of Action

When the conduct complained of is breach of contract, tort claims will not lie "unless the allegation is that 'a legal duty independent of the contract has been violated.'" Trafalgar Power Inc. v. Aetna Life Insur. Co., 396 B.R. 584, 590 (N.D.N.Y. 2008) (quoting Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 389 (N.Y. 1987)).  In order to be actionable in tort, the independent "'legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract.'"  Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., 725 F. Supp. 656, 662 (N.D.N.Y. 1989) (McCurn, C.J.) (quoting Clark-Fitzpatrick, Inc., 70 N.Y.2d at 389).

According to Birchez, the tort causes of action are based upon facts different than the breach of contract.  Cohen's conduct, which Birchez contends constitutes torts, is that he breached his duty of loyalty to plaintiff and made misrepresentation by providing misinformation about plaintiff's need for the Destiny equipment and the value of the equipment; failing to disclose his commission from Destiny; and failing to disclose the fact that Stratton marked up the price of the equipment and split the profit with Cohen.  According to plaintiff, the breach of contract is based upon Cohen's failure to perform as a consultant.  Contrary to Birchez's argument, Cohen's failures as a consultant were in large part surrounding plaintiff's purchase of Destiny's equipment, the very same conduct underlying

the tort claims.  Cohen had no legal duty to Birchez other than as a consultant, which forms the basis for the breach of contract.

Plaintiff argues that Cohen had an independent fiduciary duty by virtue of the agency relationship created with regard to its purchase of equipment from Destiny.  When Aaron and Cohen met through a mutual friend, one of the initial subjects discussed was the purchase of surplus information technology equipment from Destiny to upgrade Birchez's antiquated systems.  Cohen indicated that he could arrange to purchase the equipment at low prices if he was hired by Birchez.  The purchase of the Destiny equipment was the basis for Birchez to hire Cohen as a consultant.  The conduct complained of, the terms Cohen negotiated regarding purchase of the Destiny equipment, would constitute elements of breach of the consulting contract.  No facts support the existence of any legal duty of Cohen independent of the contract.  Thus, the tort claims are foreclosed by the breach of contract claim and will be dismissed.

### B.  Cohen Individually

Cohen argues that he must be dismissed as an individual defendant because the agreement was between Birchez and his corporation Vertical, not him individually.  The agreement setting forth the payment terms was on Vertical letterhead and Cohen signed it as president of Vertical.  However, Cohen had never mentioned Vertical to Aaron, who, as president of Birchez, believed he was entering into an agreement with Cohen.  Cohen's invoices to Birchez for work performed under the agreement were on JAAM letterhead.  At the outset the invoices directed that checks be made payable to Vertical.  However, the invoices were then hand-corrected to require checks be made payable to JAAM, and later

preprinted to make checks payable to JAAM. Moreover, Stratton, the Destiny equipment broker, stated that he only dealt with Cohen, not the corporation, although his payment to Cohen was made by check payable to Vertical. Questions of fact remain as to whether Birchez contracted with Cohen (and not Vertical); therefore, Cohen is not entitled to summary judgment dismissing the claims against him individually.

## V. **CONCLUSION**

Plaintiff's tort claims of breach of fiduciary duty and false misrepresentation/breach of fiduciary are subsumed by its breach of contract claim. Defendants are entitled to summary judgment dismissing those claims as a matter of law. However, questions of material fact exist as to whether Birchez contracted with Cohen or his corporate entity Vertical, or both. Defendants are not entitled to judgment dismissing all claims against Cohen individually.

Accordingly, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART;

2. Cause of Action 1 Breach of Fiduciary Duty is DISMISSED;

3. Cause of Action 2 False Misrepresentation/Breach of Fiduciary Duty is DISMISSED; and

4. Remaining for trial is Cause of Action 4 Breach of Contract against defendants Jeffrey D. Cohen and Vertical Software Group, Inc.

    IT IS SO ORDERED.

                                                United States District Judge

Dated:  July 1, 2010
        Utica, New York.